**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY ULRICH EICKERMAN, | No. 12-17425 |
| Debtor - Appellant, | D.C. No. 1:12-cv-00618-LJO |
| v. | |
| LA JOLLA GROUP, II, | MEMORANDUM* |
| Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted February 4, 2015**
San Francisco California

Before: TALLMAN and RAWLINSON, Circuit Judges, and MURPHY, District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Stephen Joseph Murphy III, District Judge for the U.S.
District Court for the Eastern District of Michigan, sitting by designation.

Appellant Gary Ulrich Eickerman (Eickerman) challenges the bankruptcy court's grant of summary judgment in favor of Appellee La Jolla Group, II (LJG) on LJG's post-confirmation claim for fees and expenses incurred when Eickerman defaulted during the execution of his Second Chapter 13 plan. Eickerman asserts that LJG waived any additional fees or expenses in its proof of claim filing. Eickerman also contends that the bankruptcy court erred in determining that LJG's lien remained viable after Eickerman satisfied his Chapter 13 plan provisions.

The bankruptcy court properly concluded that the Chapter 13 plan lacked any *res judicata* effect on LJG's right to seek post-confirmation attorney's fees and other expenses provided for in the promissory note and deed of trust executed by Eickerman. *See Cnty. of Ventura Tax Collector v. Brawders (In re Brawders)*, 325 B.R. 405, 411 (9th Cir. B.A.P. 2005), *aff'd sub nom. Brawders v. Cnty. of Ventura (In re Brawders)*, 503 F.3d 856 (9th Cir. 2007) (explaining that a Chapter 13 plan "should clearly state its intended effect on a given issue"). When it filed its proof of claim, LJG could not have contemplated Eickerman's post-confirmation default and the plan did not encompass post-confirmation fees and expenses. *See id.* LJG legitimately pursued its lien and foreclosure of Eickerman's property once Eickerman failed to pay post-confirmation fees and expenses stemming from his new default. *See id.* (concluding that "[a]bsent some action by the representative

2

of the bankruptcy estate, liens ordinarily pass through bankruptcy unaffected")

(citation omitted).

    **AFFIRMED.**